Good morning. May it please the court, my name is Shannon Murphy and I represent the petitioners Ms. Olga Garcia Demetrio and her three children. May I reserve two minutes for rebuttal please? Thank you. Your Honors, this case concerns the depth of analysis that the board must engage in when considering whether a proposed particular social group is cognizable. In the instant case, petitioners are respectfully requesting that this court remand the petition for review so that the board may engage in a proper analysis as to children living in Mexico is cognizable under the act. By way of background, briefly, petitioners case came forth after her husband disappeared in Mexico in October 23. A petitioner was left alone to raise her three children. She was lured to a encounter with criminal actors under the guise of receiving government assistance for single mothers. At that time, petitioner then learned that the criminal actors intended to recruit her children to have them sell drugs and potentially be sold for rape. Petitioners proposed particular social group when she came to the United States to seek asylum was mothers of adolescent children living in Mexico. But both the board and the immigration judge dismissed this particular social group finding that it lacked immutability. Such a really undermines both the board's precedent and this court. This court has remanded petitions for review where the board failed to engage in a case by case specific analysis. Specifically, if we look to Plancarte Saucedo versus Garland, we can see that the board only looked at the immutability element for a cognize of a particular social group of female nurses and failed to engage in the social distinction or particularity analysis. And this court emphasized that there must be a specific case by case determination. Counsel, would you address whether you are relying on any arguments that you did not raise in your opening brief? And if so, how do we deal with that? Absolutely, Your Honor. Petitioners are relying on the opening brief to the extent that we are focusing on the cognizability of the first proposed particular social group and also as to whether or not the second proposed particular social group is cognizable and whether or not there is nexus. While there was a 28-J submitted, that also concerns the immutability of the age for the first particular social group. Petitioners are prepared to respond to that as well. Thank you, Judge McEwen. Well, along the lines of Judge Fitzwater, just to be clear, the cognizable social group that we are looking at here are mothers of adolescent children. Is that correct? Mothers of adolescent children living in Mexico. Living in Mexico. Yes. And the nexus would have to be that the adolescent children are being threatened? The nexus would have to be that the mother of these adolescent children is receiving threats and or harm because of her children's adolescent status. And so I will note that the Board did not look to the nexus for this proposed particular social group. Because it didn't get any further than whether you recognize it or not. Correct, Your Honor. So the Board specifically looked at whether or not this proposed particular social group had an immutable characteristic and rested on those grounds. And so in this case, it's appropriate, as petitioners would request, to be remanded. So I had a question. When I first read this, there was a certain intuitive aspect to say, well, age is not immutable because today we are the age we are and tomorrow we'll be a day older and we don't want to talk about the future. Another 10 years, we'll be 10 years older. So it's not immutable. But then I read this BIA decision, SEG, from 2008 that talks about if you've been persecuted on an age described social group, that it can be a social group. So how does that case figure into your definition of the particular social group? Absolutely, Your Honor. So matter of SEG is quite helpful in this case. Matter of SEG, of course, recognized that age, by its very definition, is mutable. It does change over time, as Judge McKeon just recognized. But that being said, what my opposing counsel has not really recognized in the brief is that on page 584 of that decision, the Board went on to continue to say that there can be cases where age is a specific characteristic. And I think when this Court, if it remains for the Board to look more in depth at the facts of the case, the Board and the immigration judge can see within the record that there are multiple pieces of record evidence that reference the adolescent status of the child. So if I understand you correctly, you're saying that your argument is in SEG, the Board said in that particular case, age was not an immutable characteristic, but that it isn't categorically never immutable, that it essentially, on a case-by-case basis, age could be an immutable characteristic, which is consistent with BIA precedent, our own precedent, finding some, at least some, age-based groups to be qualifying cognizable PSGs. So I understand you correctly, if I understand you correctly, you're arguing not that we should find, affirmatively, that this PSG is cognizable, but rather to remand for the Board to make the case-by-case determination that it said it would do in SEG, is that correct? Yes, Your Honor, that's correct. And specifically, I will just briefly point out to this Court that in the 28J, there were multiple Ninth Circuit cases that were specifically referenced as rejecting particular social groups where the Board found no immutability based on age, but in those specific decisions, if we look at Mejia Lopez and Tejada Rada, both of those cases, the Board went on to engage in a social distinction analysis, which is missing here, and I think what's also important to note is that neither the Board nor the immigration judge referenced matter of SEG in finding that this particular social group lacked immutability. Even if we look to the addendum of law that the immigration judge provided within the record, SEG does not appear. So what happens as a practical matter if you go through the process and then it gets redefined, the child or children now are a little older, what happens if they age out? Does that mean that they're no longer protected? No, Your Honor, it does not mean that they are no longer protected. The question is, did they fall within the particular social group parameters at the time either the harm occurred or when the group was proposed and adjudicated? And if there are no further questions... Just to, we'll make sure you have time in rebuttal, but I think there's, I guess my follow-up question, they would still have to meet all the other requirements for asylum or withholding, including establishing their credible fear of future persecution. Yes, Your Honor, and as to the credible fear of future persecution, Petitioner's position is that the Board did not reach that element. While the Board did cursory mention that they were affirming the IJ's denial of asylum and withholding, the specific pages that they reference to in Petitioner's view are the summary of that Petitioner did not satisfy those applications. So you essentially want to get past the first, at least have the first step done. Absolutely, Your Honor, we just want full consideration before the Board. Thank you. May it please the Court, Jeffrey Lee is appearing on behalf of the Attorney General. In this case, the agency properly denied the Petitioner's applications for asylum and withholding or removal where she failed to demonstrate that her particular social group of mothers of adolescent children living in Mexico was cognizable and where she failed to demonstrate that the harm she suffered was on account of her membership in the proposed group of, excuse me, single women who have been targeted by criminals in Mexico. Turning first to the issue of the age-based group, the Petitioner is asking for a remand for full consideration in matter of SEG, which if that is the Court's position that it needs to be sent back, that is obviously what the Court may do. But part of the reason why there was no discussion about matter of SEG is that the issue wasn't raised to the Board. The Petitioner's brief on appeal focused on motherhood being an immutable characteristic. Do you agree that motherhood is an immutable characteristic? I believe that there's cases out there that have held so, yes, Your Honor. So that alone would put you into a cognizable group, right? It depends. Well, it may satisfy the immutability. There may be other factors as far as particularity and social distinction. But I don't know of any case that has found motherhood itself to not be immutable.  But even setting aside the issue of exhaustion, this Court has repeatedly and recently considered age-based groups and found that being young or being a youth is not an immutable characteristic and has done so in several cases, either by citing directly to and relying on matter of SEG or in using language that essentially is the same as that in matter of SEG. There was Flores-Cruz from 2009, which dealt with Honduran street children. The Court in that case relied on matter of SEG to find the group. It was not immutable because the children would age out of the group. Mejia-Lopez from earlier this year. Are any of these cases published decisions? No, they are unpublished. And so they are not binding, but they are certainly persuasive in our opinion. But that, of course, is an issue that we have is that we keep having all these, I won't call them unpublished. Nondispositive dispositions. Absolutely. And you're left to try to sort through them. Yes. And that was something that I was engaging when I was briefing this is that there wasn't really anything published on this. So what we're left with, if you know something different, we have Muhammad versus Gonzales, our 2005 case, which recognized a cognizable PSG, young girls in certain clan. That included an age component. Is that correct? It did, Your Honor. And I believe that there was also matter of Kasinga was referenced by the petitioners in the briefing as well. Now, those cases predate matter of SEG. And, you know, there's other cases. Tejada Rwada, Judge McEwen, was actually on the panel in that case, which held that young males actively opposed to gang membership and recruitment was not cognizable because it was not immutable. And while there was no citation in the matter of SEG in that case, the language that was actually used that youth was not entirely immutable by its very nature, a temporary state that is subject to change, is the same language that was in matter of SEG. So, I mean, this Court has — But matter of SEG does, in fact, say that age could be. Right. And, Your Honor, that was the purpose of the footnote that I dropped in there about whether or not this kind of butts up against the circularity issue. Because it seems that in that language, in that decision, they are tying the immutability to the persecution. Whereas in Diaz-Reyonoso, the Court was very clear that you can't actually — the immutable characteristic has to be independent of the persecution. It's also — I'm not aware of any other circumstance when the Court's looked at immutability, where it has been so narrowly focused on, A, the time period, and B, the harm. Rather, it's been whether the trait itself is changeable. Wouldn't it make sense, though — I'm reading the BIA's decision, which says, We affirmed the finding at the first social group. As the IJ found, the respondent's status as a mother will change as the children age. So wouldn't it make sense for us to remand this and let the BIA, in the first instance, take a crack at how SEG fits into situations like this? I mean, it certainly can do so, Your Honor, if the Court feels that this case would benefit from further development of that issue, notwithstanding the fact that it was not exhausted. Well, the issue was exhausted, but you don't have to cite — the issue was exhausted, wasn't it? I mean, we're talking about age. You don't have to cite to a particular ruling. The focus of the argument on appeal to the Board was on the motherhood aspect, not the actual age aspect. So it wasn't mothers of adolescents. There was no reference to matter of SEG or any allegation that the immigration judge failed to apply the Board's precedent in determining that because age is not immutable, the petitioners would age out of the group eventually. Well, but then when you look at the BIA decision, the BIA kind of hits the nail on the head talking about adolescent children age changing as the children age. So whether it was precisely argued, and certainly SEG wasn't cited, the BIA tried to engage it in a kind of superficial way, didn't it? I mean, the Board absolutely addressed the issue. I mean, so in that sense, this Court's jurisprudence on exhaustion is probably sufficient to find the issue raised.  My only point was that the manner and the depth in which the Board addresses an issue is completely commensurate with the way that it is actually raised in the briefing. So the reason why there's not much of an argument by the Board on this is because there wasn't any argument presented. So the Board's almost just summarily affirming the IJ's decision while actually including the language. So again, if the Court is inclined to remand for further development of the matter of SEG issue, they certainly can do so. As to the second particular social group that was based on being targeted for harm, the agency properly determined that the petitioner failed to demonstrate that the harm was actually on account of membership in that group. There was only one incident of harm in here, and the individuals who targeted her therefore could not have targeted her based on the actual language she's included in her particular social group. There's the case Chavez-Segovia, which dealt with, I believe it was Salvadoran women who had been victimized by gangs, held that because there was only this one incident of harm, she could not have been targeted as somebody who had been victimized by gangs because that hadn't happened until after the incident had already occurred. If there are no further questions, thank you. Thank you. Two brief points on rebuttal. First, as Judge McEwen seemed to indicate, petitioners do take the position that in the brief before the Board, the issue of age was addressed, and irrespective, the Board did decide that issue on its merits, and so it's properly before this Court. And second, the consideration of adolescence is quite distinctive from the consideration of young or youth. Adolescence is more often a general term that has an accepted definition, and specifically, if you look to the record evidence, there is discussion of adolescence and age range on page 275, 257, and 258 to 259. And for the reasons... Just repeat those numbers. Yes, Your Honor. 275, 257, 258, and 259. And for the reasons discussed, petitioners respectfully request remand for consideration before the Board. Thank you. Thank you. Thank you, counsel, for your helpful arguments. This matter is submitted.
judges: McKEOWN, SUNG, Fitzwater